Donald R. BILLINGS et al., Plaintiffs-Appellants,

v.

SABINE RIVER & NORTHERN RAIL-ROAD COMPANY, Defendant-Appellee.

No. 26807.

United States Court of Appeals Fifth Circuit.

April 15, 1969.

John Cash Smith, Stephenson, Thompson & Morris, Orange, Tex., for plaintiffs-appellants.

J. Hoke Peacock, II, Beaumont, Tex., for defendant-appellee.

Before JONES and COLEMAN, Circuit Judges, and CHOATE, District Judge.

PER CURIAM:

The appellants were plaintiffs in the district court. On July 8, 1968 the district court entered a final appealable order dismissing the cause. No findings of fact and conclusions of law were then filed. None were required. On August 15 findings and conclusions were filed. On September 3 the appellants filed a notice of appeal. On October 21 the appellee filed a motion to dismiss the appeal on the ground that it was not timely filed. On October 25 the district court on application of the appellants entered an order reciting that the court had not intended to enter its order of July 8 and that the court did intend that the order should be entered and become effective on August 15, the date when the findings and conclusions were filed. On the same date the district court entered an order of dismissal substantially the same as that which had been entered on July 8. On November 1 the appellants filed a motion in this Court for leave to file the so-called corrected judgment. On November 12 this Court entered an order dismissing the appeal from the order of July 8 on the ground that the notice of appeal was filed after the expiration of the time permitted for the filing of such notice.

The order of July 8, 1968 effected a final disposition of the cause in the district court. The intention of the court that the entry of the final order should be deferred until findings of fact and conclusions of law were filed and the subsequent orders do not supersede or vacate the order of July 8, 1968, from which an untimely appeal was attempted. It might be noted that no effort has been made to appeal from the subsequent orders of the court and we need not determine whether under the circumstances an appeal would lie from any of such orders. The judgment of dismissal was correct and the motion to file the so-called corrected judgment is denied.